JANUARY TERM, 1884, No. 20.                    MAY 22, 1884.

## Ringwalt *v.* Ringwalt.

1. A. directed his real estate to be divided among his eight sons, and that "upon the death of either of them without issue, the share of such son should be divided equally among his or their surviving brothers."

B, one of the sons, conveyed his portion to his mother in trust for her during the life of the grantor, and, upon his death, to his lawful issue, if he should leave any, and "if he should not leave lawful issue, then it is to be equally divided among his surviving brothers or their legal representatives." *Held*, that the words "legal representatives" in the deed of B were used as the equivalent of "heirs," and that upon the grantor's death without issue, the estate should be divided among his brothers then living, and the heirs, or legal representatives, of those who were then deceased.

2 *Quære*, as to whether the deed of B was a testamentary disposition.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas of *Lancaster County*.

Case stated between Levi Ringwalt as plaintiff and Martin Ringwalt and David Ringwalt as defendants, to determine the ownership of one undivided $\frac{5}{147}$ part of three tracts of land situate in Lancaster county.

The case stated for the opinion of the Court in the nature of a special verdict was as follows:

Martin Ringwalt, of Cærnarvon township, in Lancaster county, made his last will in writing, dated May 7, 1821,

[Ringwalt v. Ringwalt.]

in which he devised all his real estate to his eight sons. He directed that this real estate should be divided among his sons upon the arrival of his son David at the age of eighteen years, and provided further, that upon the death of either of them without issue the share of such son should be divided equally among his or their surviving brothers. This will was admitted to probate on July 28, 1821.

After the death of Martin Ringwalt, Reuben Ringwalt, one of his sons, on July 22, 1831, executed and delivered to his mother, Elizabeth Ringwalt, a deed conveying to her all the real estate to which he was entitled under his father's will, to be held by her for the uses and purposes in said deed set forth, and among other things directed that she was—

"To have and to hold, receive, occupy, possess, and enjoy the share or shares of the real estate aforesaid, and also all moneys, goods, chattels, and effects, and property of every kind, real, personal, and mixed hereby granted, bargained, sold, assigned, transferred, and set over unto the said Elizabeth Ringwalt, her heirs and assigns, for and during the natural life of said Reuben Ringwalt. But it is the intention of these presents that after the decease of said Reuben Ringwalt, that in case there should be any of the aforementioned estate or property remaining, that it be equally divided among his the said Reuben Ringwalt's lawful issue, if so be he should have and leave any; if he should not leave lawful issue, then it is to be equally divided among his surviving brothers or their legal representatives."

At the time of making this deed, Reuben Ringwalt had three sisters. Elizabeth Ringwalt, by her will, devised to John Ringwalt all the real estate conveyed to her by Reuben Ringwalt to be held by John Ringwalt, for the uses and trusts set forth in the foregoing deed. David Ringwalt arrived at the age of eighteen years on November 18, 1830.

By deed dated May 23, 1835, the sons of Martin Ringwalt made division of the real estate devised to them by their father, and conveyed to John Ringwalt in trust for Reuben Ringwalt, and to be held for the uses and trusts, and in the manner set forth in said deed of Reuben Ringwalt, dated July 22, 1831, three tracts of real estate situate in Lancaster county. (These tracts are described fully in the case stated.) * * * * *

Reuben Ringwalt, at the time of executing and delivering the said trust deed, had living the following-named

[Ringwalt *v.* Ringwalt.]

brothers, viz: Jacob, George, William, Levi, John, Martin, and David Ringwalt.

Reuben Ringwalt died on February 2, 1881, unmarried, and without lawful issue, leaving to survive him two of the above-named brothers, to wit: Martin Ringwalt and David Ringwalt, the defendants herein, and nephews and nieces, the children of some of the aforesaid brothers, all of which said brothers, except the said David Ringwalt and Martin Ringwalt, had died before the death of the said Reuben Ringwalt.

William Ringwalt, one of the said brothers, died in 1874, leaving surviving him a wife and children, one of whom is Levi Ringwalt, the plaintiff herein.      *      *

If the Court be of the opinion that Levi Ringwalt, the plaintiff, takes any estate or interest in the said real estate so conveyed by the said Reuben Ringwalt by the said paper of July 22, 1831, whether it be a deed or of a testamentary character under and by virtue of the said paper, or under the intestate law, then judgment to be entered for the plaintiff for the one undivided $\frac{5}{147}$ part of the real estate herein described as conveyed to the said John Ringwalt, by the said deed of May 23, 1835; but if the Court be of opinion that the plaintiff takes no estate or interest therein, then the judgments to be entered for the defendants.

The consideration mentioned in the deed of Reuben Ringwalt to his mother was $40, and the annual payment of $40.

The Court, PATTERSON, J., after argument, entered judgment for the plaintiff on the case stated.

The defendants thereupon took this writ, assigning for error the action of the Court in entering judgment for the plaintiff.

*G. M. Kline* and *A. O. Newpher* for plaintiffs in error.

If the word *or* in the last clause of the *habendum* in the deed of 1831 be read *and* to effectuate the intention of the grantor, the clause will read *surviving brothers and their heirs.* Thus his purpose of disposing of his entire estate is fully accomplished: Sloan *v.* Hanse, 2 Rawle, 28.

By the words legal representatives, the grantor intended to point out legal succession, using legal representatives in the sense of heirs.

If the deed was testamentary in its character, as held by the Court below, and Reuben having died without leaving lawful issue, and the contingent devise coming

[Ringwalt v. Ringwalt.]

into effect, when were the surviving brothers to be ascertained? Up to his death, a possibility of issue existed. Death closed that door, as a will speaks from the death of a testator. The surviving brothers, as a class, are to be looked for at that period, because both vesting and distribution are at one and the same time: See act of June 4, 1879, P. L., 88.

*George Nauman* for defendant in error.

The fair construction of Reuben Ringwalt's deed seems to be that he meant the surviving brothers under his father's will, those living at the time his father's estate was to be divided, or the heirs of any dying after that time: Reed *v.* Buckley, 3 Harris, 83; Passmore's Estate, 11 Harris, 381; Ross *v.* Drake, 1 Wright, 373: Johnson *v.* Morton, 10 Barr., 245; Sorver *v.* Berndt, 10 Barr., 213.

June 9, 1884, the opinion of the Court was delivered by PAXSON, J.:

While we are not prepared to say that the deed from Reuben Ringwalt to his mother, Elizabeth Ringwalt, was a testamentary paper, we are of opinion that the learned judge below reached a correct conclusion. The deed provided that the estate was to be held by Elizabeth Ringwalt during the life of the grantor; after his death, it was to go to his lawful issue, should he leave any; in default of such issue, "then it is to be equally divided among his surviving brothers or their legal representatives." The words "legal representatives" were evidently used as the equivalent of heirs, and the grantor must have intended the grant to inure to the benefit of his brothers living at the time of the grant. This would harmonize with his father's will, which he probably had in his mind when he executed the deed. The grantor could not have intended that the estate should go to his brothers surviving at his death, or their heirs, for a *surviving* brother could have no heirs. There could not be, at the death of the grantor, both surviving brothers and legal representatives of such survivors. The natural reading of the paper, therefore, is that upon the death of the grantor without issue the estate should be divided among his brothers then living, and the heirs or legal representatives of those who were then deceased.

Judgment affirmed.